# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1623

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Missouri.
Nilo Noriega-Millan,      *
     *    [UNPUBLISHED]
         Appellant.      *

_____

Submitted: August 16, 2010
Filed: August 19, 2010

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Nilo Noriega-Millan pleaded guilty to unlawful reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced him to 77 months in prison and 2 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of the sentence and the court's consideration of the 18 U.S.C. § 3553(a) factors. Noriega-Millan has filed a pro se supplemental brief, arguing that

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

his counsel was ineffective and that the court did not adequately consider mitigating circumstances.

We conclude that the district court committed no procedural error and imposed a substantively reasonable sentence. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within applicable Guidelines range, appellate court may apply presumption of reasonableness); <u>United States v. Haack</u>, 403 F.3d 997, 1004 (8th Cir. 2005) (describing abuse of discretion). We decline to consider the ineffective-assistance claim on direct appeal. <u>See</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998).

Having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____